IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELLA WRIGHT, BY AND THROUGH HER
DAUGHTER AND NEXT FRIEND, RITA WILLIAMS,
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES AND AS ADMINISTRATOR
OF THE ESTATE OF ELLA WRIGHT                                    PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 5:06cv169-DCB-JMR

MARINER HEALTH CARE, INC., ET AL.                              DEFENDANTS

### ORDER

This matter comes before the Court on Defendants Andrew Overholser, Roy Dumas, Lissa Collins, and Boyd Gentry's Motion to Dismiss [**docket entry no. 6**].  Having reviewed the Notice of Removal, conditional consent thereto, Motion, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### FACTS

On August 30, 2004, this wrongful death suit was instituted on behalf of Ella Wright's beneficiaries against Mariner Health Care, Inc., the Yazoo City Health and Rehabilitation Center, Sandra Woodberry, Andrew Overholser, Roy Dumas, Lisa Collins, Boyd Gentry, and John Does 1-225.  On October 26, 2006, the Mississippi Supreme Court handed down Howard v. Estate of Harper, --- So. 2d ---, 2006 WL 302639 (Miss. Oct. 26, 2006).  The defendants then removed the action to this Court on November 28, 2006.  On December 21, 2006, the plaintiff filed her Conditional Consent to Removal and Conditional Waiver of One Year Limit on Removal [docket entry no.

4].  The plaintiff's consent to removal was based on (1) the Court accepting all previously conducted state court discovery, (2) the defendants' agreement to have the case placed on the fastest track deemed suitable by the Court, and (3) the Court adopt a "scheduling order as near as is practicable . . . to the scheduling order established by the state court."  (Conditional Consent, 4.)  The defendants filed a Response to the plaintiff's conditional consent wherein they agreed to the plaintiff's conditions [docket entry no. 5].  The individual defendants then filed a Motion to Dismiss [docket entry no. 6], which is premised on Howard.

### BRIEF EXPLANATION OF Howard v. Estate of Harper

The plaintiffs in Howard brought suit against a nursing home, the nursing home's administrator, and the nursing home's licensee. The plaintiffs claimed in their complaint that the administrator and licensee were negligent by not hiring an adequate amount of nursing personnel to staff the nursing home.  Howard, 2006 WL 3026398, at *2.  The defendants filed a Motion to Dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6), wherein they argued that the plaintiff failed to state a cognizable claim against the individual defendants.  Id. at *1.  The Rule 12(b)(6) motion was denied by the trial court.  Id.  On interlocutory appeal, the Mississippi Supreme Court reversed the trial court's denial.  The supreme court held that (1) there is no common law duty of care owed by a nursing home administrator or licensee to

the nursing home's patients, (2) there is no statutory duty of care owed by a nursing home administrator or licensee to the nursing home's patients, (3) as a matter of law, administrators and licensees of a nursing home cannot be liable for medical malpractice unless a doctor-patient relationship existed, and (4) as a matter of law, there is no fiduciary duty between a nursing home's administrator or licensee and the nursing home's patients. Id. at *2-7.

The defendants assert in their Notice of Removal that the administrator and licensee defendants were improperly joined. In light of Howard, the plaintiff agrees with that assessment. (Conditional Consent, 4 ("[O]n October 26, 2006, the Mississippi Supreme Court decided Howard v. Estate of Harper, which rejected Plaintiff's theories of liability against the administrator and licensee defendants. It also rejected fraud allegations similar to those Plaintiff made, establishing that her complaint does not state valid claims against the administrator and licensee defendants.").) Accordingly,

IT IS HEREBY ORDERED that administrator and licensees defendants' Motion to Dismiss [**docket entry no. 6**] is **GRANTED**.

IT IS FURTHER ORDERED that the individual administrator and licensee defendants in this action are **DISMISSED WITH PREJUDICE.**

SO ORDERED, this the   2nd   day of     May    , 2007.

                                              s/David Bramlette   
                                       UNITED STATES DISTRICT JUDGE