```
              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

ELLA WRIGHT, BY AND THROUGH HER
DAUGHTER AND NEXT FRIEND RITA
WILLIAMS, ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES AND AS
ADMINISTRATOR OF THE ESTATE OF ELLA
WRIGHT                                                                  PLAINTIFF

VERSUS                          CIVIL ACTION NUMBER: 5:06cv169-DCB-JMR

MARINER HEALTH CARE, INC. F/K/A
MARINER POST-ACUTE NETWORK, INC.;
MARINER HEALTH GROUP, INC.; NATIONAL
HERITAGE REALTY, INC.; MARINER
HEALTH CARE MANAGEMENT COMPANY;
THOSE OPERATING SUBSIDIARIES OF
MARINER HEALTH CARE, INC. AND
MARINER HEALTH GROUP CONNECTED WITH
THE OWNERSHIP OR OPERATION OF YAZOO
CITY HEALTH & REHABILITATION CENTER;
SANDRA WOODBERRY; JOHN DOE
ADDITIONAL OWNERS 1 THROUGH 10; JOHN
DOE MANAGEMENT COMPANIES 11 THROUGH
20; JOHN DOE NURSING HOME PERSONNEL
CONTRACTORS 21-30; JOHN DOE
CONSULTANTS 31-40; JOHN DOE
ADMINISTRATORS 41-50; JOHN DOE
DIRECTORS OF NURSING 51-60; JOHN DOE
MEDICAL DIRECTORS 61-70; JOHN DOE
ASSESSMENT NURSES 71-80; JOHN DOE
NURSES 81-100; JOHN DOE DIETICIANS
101-120; JOHN DOE DIRECT CARE
WORKERS 121-180; JOHN DOE LICENSEES,
GOVERNING BOARD MEMBERS AND MANAGERS
181-200; UNSPECIFIED JOHN DOES 201-
225                                                                    DEFENDANTS

**OPINION AND ORDER**

    This matter comes before the Court on the defendants'[1] Motion

---

[1] To date, the defendants which remain in this lawsuit are Mariner Health Care, Inc.; Mariner Health Group, Inc.; National Heritage Realty, Inc.; Mariner Health Care Management Company; operating subsidiaries of Mariner Health Care, Inc. and Mariner

for Summary Judgment on Plaintiff's Punitive Damages Claims [**docket entry no. 30**].  Having carefully considered the Motion, memoranda, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND

On January 18, 2000, the several Mariner defendants ("Mariner debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  On February 1, 2002, the Mariner debtors filed their Second Amended Joint Plan of Reorganization ("Plan"), which was later confirmed by order of the bankruptcy court on April 3, 2002.  The effective date of the Plan was May 13, 2002.

On August 30, 2004, the plaintiff[2] filed a complaint in the Circuit Court of Yazoo County, Mississippi, against the defendants seeking compensatory and punitive damages in redress for the allegedly negligent and grossly negligent treatment of Ella Wright during the nearly four years she was a patient at the Yazoo City Health and Rehabilitation Center.  On November 28, 2006, the defendants filed their Notice of Removal with this Court, asserting

---

Health Group connected with the ownership and operation of Yazoo City Health and Rehabilitation Center; and Sandra Woodberry.  Yazoo City Health and Rehabilitation Center was dismissed from the action by an Agreed Order of Dismissal [docket entry no. 36] on October 29, 2007.

[2] The plaintiff herein is Rita Williams, the administratrix of the Estate of Ella Wright.

2

diversity of citizenship jurisdiction. Following discovery, the defendants filed their Motion for Summary Judgment on Plaintiff's Punitive Damages Claims [docket entry no. 30] on October 15, 2007. The plaintiff filed a Response [docket entry no. 33] on October 24, 2007. The defendants' Motion is now before the Court.

## II. ANALYSIS

*A. Summary Judgment Standard*

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[3] The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is

---

[3] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted).

inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

*B. The Parties' Arguments*

In their Motion, the defendants assert that all administrative expense[4] causes of action seeking punitive damages were discharged by the Plan and that the plaintiff's claim for punitive damages is precluded by the operation of ¶ 32 of the April 3, 2002

---

[4] According to the defendants, an administrative expense is "[a]ny alleged action or inaction on Debtors' part occurring between the day after the petition date [January 19, 2000] and the effective date of the Debtors' Chapter 11 bankruptcy [May 13, 2002]." (Mot. ¶ 3.)

4

Confirmation Order.[5]  Specifically, the defendants argue that all causes of action brought against the Mariner debtors seeking punitive damages as administrative expenses were discharged through the following Plan language:

> Notwithstanding anything in this definition to the contrary, in no event shall an Allowed Administrative Expense include non-compensatory penalties, fines, <u>punitive damages</u>, exemplary damages, multiple damages, or any other claims or obligations that do not compensate for actual losses incurred.

(Plan ¶ I.A.3) (emphasis added.)  According to the defendants, because the plaintiff's allegations pertain to Ella Wright's residency at the Yazoo City Health and Rehabilitation Center from September 27, 1999, until August 31, 2003, and because this time frame includes the January 19, 2000 – May 13, 2002 administrative expense period, such allegations fall within the category of administrative expenses and all punitive damages based thereupon were discharged by the Plan and actions seeking to recover the same are permanently enjoined by the Confirmation Order.  (Mot. ¶¶ 4-6.)

In response, the plaintiff admits that the allegations of her complaint constitute administrative expenses under the Plan "insofar as they cover the period from January 19, 2000 through May 13, 2002 . . . ."  (Resp. ¶ 4.)  Accordingly, the plaintiff

---

[5] Paragraph 32 of the Confirmation Order permanently enjoins the commencement or continuance of actions against the Mariner debtors on or after the effective date of the Plan brought by a person with an administrative expense claim which was discharged by the terms of the Plan.

5

concedes that the Plan "would appear to exclude any claim for punitive damages based on events between January 19, 2000 and May 13, 2002 from being allowed as an administrative expense under the confirmed plan."  (Resp. ¶ 5.)

However, the plaintiff "denies that her claims based on the period from May 14, 2002 through August 31, 2003 constitute an administrative expense under the [Plan]," (Resp. ¶ 4), and posits that because the complaint "alleges that the conduct of [the Mariner debtors] between May 13, 2002 and August 31, 2003 which contributed to personal injury and death of Ella Wright are such as would justify punitive damages[,]" the Plan does not "exclude, bar, or discharge punitive damages claims based upon events occurring between May 13, 2002 and August 31, 2003."  (Resp. ¶ 6.)

### C. Decision

The Court finds the defendants' Motion to be well-taken, though only in part.  The plaintiff's claim for punitive damages was discharged by the terms of the Plan and actions to recover these damages are barred by ¶ 32 of the Confirmation Order to the extent the punitive damages are redress for the Mariner debtors' actions or inactions between the day after the Chapter 11 petitions were filed — January 19, 2000 — and the date on which the Plan became effective — May 13, 2002.

However, the plaintiff's claim for punitive damages based upon the Mariner debtors' actions or inactions which occurred after May

6

13, 2003, does not qualify as an administrative expense and was not discharged by the Plan. Therefore, actions to recover such damages are consequently not enjoined by the Confirmation Order.[6]

### III. CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that the defendants' Motion for Summary Judgment on Plaintiff's Punitive Damages Claims [**docket entry no. 30**] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED,** this the  22nd  day of February 2008.

                          s/ David Bramlette
                      **UNITED STATES DISTRICT JUDGE**

---

[6] The authorities cited by the defendants are not to the contrary. In <u>Buchanon v. Mariner Health Care Mgmt. Co.</u>, Civil Action No. 3:03cv302 (S.D. Miss. Dec. 8, 2005), the district court granted an unopposed motion for summary judgment on the plaintiff's punitive damages claim. <u>Buchanon</u> is entirely devoid of any analysis of the merits of the case and holds no persuasive sway.

    <u>Austin v. Mariner Health Care, Inc.</u>, Civil Action No. 3:03cv82 (N.D. Miss. July 1, 2004) is likewise inapplicable, for in that case the district court addressed the "sole legal question . . . whether the plaintiff was a known or an unknown creditor at the time the plan was confirmed." <u>Id.</u> at 2. The <u>Austin</u> court did not once mention punitive damages or administrative expenses.

    Lastly, <u>NL Indus., Inc. v. GHR Energy Corp.</u>, 940 F.2d 957 (5th Cir. 1991) is inapposite to this matter. In that case, the plaintiff sought to recover on a claim for punitive damages which was an administrative expense under the Chapter 11 reorganization plan. The United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal of the plaintiff's claim for punitive damages <u>as an administrative expense</u> because such damages were not an actual and necessary cost of preserving the bankruptcy estate. <u>Id.</u> at 966. In this case, by contrast, the plaintiff concedes that her claim for punitive damages which is an administrative expense was indeed discharged by the Plan. The claim for punitive damages which by definition <u>is not an administrative expense</u> was not discharged by the Plan and may be pursued in this action.