UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                          WESTERN DIVISION

| | |
|---|---|
| Ella Wright, by and through her daughter and next friend RITA WILLIAMS, on behalf of the wrongful death beneficiaries and as Administrator of the Estate of Ella Wright | PLAINTIFF |
| VERSUS      CIVIL ACTION NUMBER: 5:06cv169-DCB-JMR | |
| MARINER HEALTH CARE, INC. f/k/a Mariner Post-Acute Network, Inc.; MARINER HEALTH GROUP, INC.; NATIONAL HERITAGE REALTY, INC.; MARINER HEALTH CARE MANAGEMENT COMPANY; those operating subsidiaries of MARINER HEALTH CARE, INC. and MARINER HEALTH GROUP connected with the ownership or operation of YAZOO CITY HEALTH & REHABILITATION CENTER; SANDRA WOODBERRY; JOHN DOE ADDITIONAL OWNERS 1-10; JOHN DOE MANAGEMENT COMPANIES 11-20; JOHN DOE NURSING HOME PERSONNEL CONTRACTORS 21-30; JOHN DOE CONSULTANTS 31-40; JOHN DOE ADMINISTRATORS 41-50; JOHN DOE DIRECTORS OF NURSING 51-60; JOHN DOE MEDICAL DIRECTORS 61-70; JOHN DOE ASSESSMENT NURSES 71-80; JOHN DOE NURSES 81-100; JOHN DOE DIETICIANS 101-120; JOHN DOE DIRECT CARE WORKERS 121-180; JOHN DOE LICENSEES, GOVERNING BOARD MEMBERS AND MANAGERS 181-200; UNSPECIFIED JOHN DOES 201-225 | DEFENDANTS |

**ORDER**

This matter comes before the Court on the defendants' Motion in Limine to Exclude Certain Opinions of Plaintiff's Expert Witness [**docket entry no. 45**] and Motion in Limine to Exclude the

Presentation of Certain Photographs [**docket entry no. 47**].  Having carefully considered said Motions, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

This case is a suit for nursing home negligence in which the plaintiff Rita Williams seeks to recover survival and wrongful death-type damages from the defendants (collectively referred to as "Mariner") based upon their care for the now-deceased Ella Wright. The plaintiff designated Luanne Trahant, R.N., as a nurse expert to offer various opinions at trial relating to the care which was rendered to Ella Wright during her stay at the Yazoo City Health and Rehabilitation Center from September 27, 1999 through August 31, 2003.  On March 3, 2008, the defendants filed their Motion in Limine to Exclude Certain Opinions of Plaintiff's Expert Witness [docket entry no. 45] and Motion in Limine to Exclude the Presentation of Certain Photographs [docket entry no. 47], which are now before the Court.

### *A. Motion in Limine to Exclude Certain Opinions of Plaintiff's Expert Witness*

In this Motion, Mariner objects to twelve opinions which Trahant is expected to offer during her trial testimony.  Mariner contends that such averments (in which Trahant will opine that the defendants deviated from an applicable standard of care) are unaccompanied by testimony from a medical doctor that such breaches

proximately caused injuries to Wright; therefore, inasmuch as nurses are not qualified to make medical diagnoses and offer opinions on the proximate causation of medical conditions and disease processes under Mississippi law, these opinions should be excluded from evidence.

The defendants specifically object to the following opinions: Mariner's staff breached the applicable standard of care by 1) failing to notify Wright's physician of certain events; 2) failing to properly assess and document Wright's weight loss; 3) failing to provide Wright with proper nutrition; 4) delaying the implementation of speech therapy for Wright; 5) failing to adequately hydrate Wright; 6) failing to assess Wright's change in condition; 7) failing to adequately document Wright's ulcers; 8) not updating Wright's care plan in February 2003; 9) failing to implement interventions relating to Wright's bathroom use once in a twenty-four hour period; 10) allowing feces to come into contact with Wright's feet; 11) failing to properly chart Wright's dressing changes; and 12) causing or contributing to Wright's wandering.

The plaintiff argues in response that nurses may render opinions as to the proximate cause of medical conditions which are not outside their area of knowledge/expertise/training/experience and may testify to issues which come within the scope of nursing practice.

Under Mississippi statutory law, the practice of nursing does

3

not include making medical diagnoses.  MISS. CODE ANN. § 73-15-5(2) (Rev. 2002).  It logically follows that nurses are not qualified to opine as to the proximate cause of medical conditions or disease processes, see Richardson v. Methodist Hosp. of Hattiesburg, Inc., 807 So. 2d 1244, 1248 (Miss. 2002), under Federal Rule of Evidence 702 because such opinions would be tantamount to rendering medical diagnoses.  Of course, nurses may certainly opine as to matters within the ambit of their practice area.  For example, in Richardson the Supreme Court of Mississippi approved a nurse's testimony that a breach of the standard of care was the proximate cause of a patient's pain and suffering (not a medical condition). Id.

The Court is not advised of every opinion which Trahant will attempt to offer at trial.  However, the Court will monitor the proffered testimony and determine which portions will be admitted. For every opinion Trahant renders as to a deviation from the applicable standard of care (including the twelve opinions to which the defendants have objected), some competent proximate causation testimony linking said deviation to a compensable injury must be presented in order for each opinion to have relevance.  Trahant may not opine that such breaches proximately caused certain medical conditions and disease processes which Ella Wright experienced; however, she may testify that deviations from the standard of care proximately caused injuries to Wright which are not medical

conditions or do not involve disease processes – pain and suffering, emotional distress, and disfigurement, for example. Moreover, Trahant may testify to any and all issues which fall within the ambit of the practice of nursing as long as such testimony is relevant and otherwise admissible.

For the time being, the defendants' Motion in Limine to Exclude Certain Opinions of Plaintiff's Expert Witness shall be denied without prejudice subject to the plaintiff producing at trial competent proximate causation testimony linking the twelve aforementioned opinions to a compensable injury suffered by Ella Wright.

*B. Motion in Limine to Exclude the
Presentation of Certain Photographs*

The defendants urge that the Court should, pursuant to Federal Rule of Evidence 403, exclude various photographs which depict Ella Wright's wounds because their probative value is substantially outweighed by the danger of unfair prejudice and because they are needlessly cumulative.  In addition, Mariner posits that the use of such photographs is unnecessary because the medical records and medical care personnel can more accurately describe Wright's wounds.  The defendants also assert that some of the subject photographs are not dated, do not give anatomical descriptions, or do not include wound measurements.

The plaintiff argues that the jury should be allowed to see visual evidence of Wright's wounds because it is the best evidence

of the extent of such wounds and her pain and suffering. The plaintiff posits that the photographs will add clarity and interest to the testimony which will be offered and will make more understandable the facts to which witnesses will testify. The plaintiff also contends that the defendants' objections to the authenticity of the photographs are premature and should be reserved until the plaintiff has had an opportunity to offer foundational and authenticating testimony at trial.

The Court has not been presented with the photographs to which the defendants have objected and is therefore unable to render a decision as to their prejudicial and/or cumulative nature. Moreover, the Court agrees with the plaintiff that objections to the authenticity of the photographs are inappropriate at this juncture. Accordingly, the Court does not deem the defendants' Motion in Limine to Exclude the Presentation of Certain Photographs to be well-taken at the present time.

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the defendants' Motion in Limine to Exclude Certain Opinions of Plaintiff's Expert Witness [**docket entry no. 45**] and Motion in Limine to Exclude the Presentation of Certain Photographs [**docket entry no. 47**] are **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**, this the 3rd day of July 2008.

                                     s/ David Bramlette

                                     **UNITED STATES DISTRICT JUDGE**